## Kirkner *against* The Commonwealth.

After verdict a narr. on a recognizance stating an obligation to pay and a refusal, is a sufficient breach, where no objection was before taken that the recognizance was on condition.

The court on the trial may allow an amendment to a narr. on a recognizance by adding the words "Judge of the Common Pleas," as the person before whom the recognizance was taken.

ERROR to the Common Pleas of *Montgomery* county.

Commonwealth against Mathias M. Haas.  Debt on a forfeited recognizance for $150.  Haas died after suit brought, and Kirkner, his executor, was substituted as defendant.  The declaration stated : " that whereas the said Mathias M. Haas, the 23d day of March 1840, at the county aforesaid, before Joseph Royer, Esq., one of the associate Judges of the Court of the General Quarter Sessions of the peace in and for the county aforesaid, did acknowledge himself to owe to the said Commonwealth the said sum of $150, to be paid to the said Commonwealth when unto afterwards he should be required; which same recognizance at the next general quarter sessions of the peace, held at Norristown, for the said county of Montgomery, to wit, on the 18th day of May in the year last aforesaid, before the justices of the said Court of Quarter Sessions, in due form of law, was affiled of record, as by the record

vi. — 2 w *

[Kirkner v. The Commonwealth.]

thereof in the same court at Norristown aforesaid, in the said county remaining, more fully is manifest and appears. Nevertheless the said Mathias M. Haas (although often required) the said sum of $150 to the said Commonwealth yet hath not paid, but the same to the said Commonwealth to pay hath hitherto altogether refused and still doth refuse; to the damage of the said Commonwealth $150; and therefore the said attorney for the said Commonwealth, for the same Commonwealth brings suit," &c. The defendant pleaded *nul tiel record* and payment with leave.

The plaintiff offered in evidence a recognizance taken before Judge Royer on a *habeas corpus* issued out of the Common Pleas of Montgomery county upon the petition and application of George Haas, and endorsed at the foot of said writ in the following words:

"Bail $150 principal.
"       150 Mathias M. Haas, Sen."

Upon the back of said writ was endorsed as follows:

"Commonwealth
       *v.*
George Haas,
} charged with larceny, and remanded by me on the within *habeas corpus.*

George Haas, tent in     $150
Mathias M. Haas, tent in  150
} for appearance of the defendant next sessions, to answer, &c., and not depart, &c.

Taken and acknowledged before me this 23d March 1840.

Jos. Royer, Associate Judge."

The defendant objected to said recognizance being read in evidence, on the ground that it was not the recognizance declared upon; the recognizance offered being a recognizance by a Judge of the Common Pleas, and that declared upon a recognizance in the Quarter Sessions. The Commonwealth then applied for leave to amend the declaration by interlining the words "Common Pleas and of." The court permitted the amendment, and overruled the defendant's objection.

The plaintiff then gave in evidence the above recognizance and the proceedings and the criminal docket, showing that the recognizance was forfeited in court on the 19th May 1840, and *capias* same day awarded for George Haas.

The defendant then called the Hon. John Fox and Judge Royer, who proved the recognizance, and that it was taken at the Trappe, in Montgomery county.

The defendant asked the court to charge that there could be no recovery by the Commonwealth, on the ground,

1. That no breach of the recognizance was set out in the declaration.

2. That the declaration does not state whether the recognizance was taken in court, or by the Judge at his chambers.

3. That the recognizance declared upon is one taken before a

Judge of the Quarter Sessions, whilst the one in evidence is taken by a Judge of the Court of Common Pleas.

4. That it does not appear where the recognizance was taken, whether at the chamber of the Judge or in court.

The court charged the jury that Judge Royer was a Judge, by the Constitution, of all the courts, and it was not material where he took the recognizance, if within the county, whether at the Trappe or in court; it was a good recognizance. That the defendant had not appeared, and his recognizance was forfeited, and on the evidence the Commonwealth was entitled to a verdict for the amount of the recognizance.

The defendant excepted to the charge.

Errors assigned:

1. The court erred in declaring that no breach of the recognizance need be set out in the declaration.

2. In overruling the defendant's objection to the recognizance offered in evidence, and allowing the plaintiff to amend the declaration.

3. It does not appear from the record of the recognizance admitted in evidence, that it was taken in the county of Montgomery.

*Powell,* for the plaintiff in error, referred to *Withrow* v. *Commonwealth,* (10 *Serg. & Rawle* 231); 4 *Mass.* 641; *Skinn.* 100; *Dy.* 369; 3 *Chitt. Pl.* 248; 6 *Mod.* 42; 1 *Miles* 183.

*G. R. Fox,* contra, cited 1 *Chitt. Pl.* 265, 360, 407; 2 *Ibid.* 149, 440; *Wampler* v. *Shissler,* (1 *Watts & Serg.* 365).

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned is that the court erred in declaring that no breach of the recognizance need be set forth in the declaration. This is rather an inference than a declaration of the court. It is undoubtedly true that in declaring on a recognizance containing a condition, the plaintiff ought regularly to set forth the condition and aver the breach of it, in which respect it differs from a suit on a bond with a penalty; for there the plaintiff has his option either to set forth the bond and condition in the narr., and aver a breach of the condition, or he may declare on the obligatory part alone, leaving the defendant to crave oyer of the condition and plead. And the defendant might have taken advantage of the variance here on the trial by objecting on that account; but the declaration, as it now appears, is good. It states an obligation to pay and a refusal, and as there may have been no condition, we are not bound to presume it, where it does not appear and that objection was not taken. The only objection on this head was, that the recognizance offered was a recognizance taken by a Judge of the Common Pleas, while that declared on

was a recognizance in the Quarter Sessions, and this was removed by the amendment.   The case is very like *Crosse* v. *Porter*, (*Willes* 18).   There the recognizance, as set forth in the declaration, was absolute, and the breach assigned was, that the defendant did not pay the sum mentioned.   On demurrer, the court say, " there may be an absolute recognizance as well as a recognizance with a condition.   It does not appear this is a recognizance with condition ; it must be taken to be an absolute one, since no condition is set forth.   We admit, that where a condition appears on record it must be set forth in the declaration, because a recognizance and condition make but one record.   A breach is plainly assigned, viz. non-payment of the money."   So here there is a breach set out in the declaration ; for it alleges the neglect and refusal of the defendant to pay the money.   The assignment of error, then, is not correct.

2. The court had clearly a right to allow the amendment, being, in fact, but a matter of form, and not changing the cause of action.

3. It sufficiently appears in the evidence that the recognizance was taken in the county of Montgomery.   It appeared that the endorsement of the *habeas corpus* on which the recognizance was taken, showed it was taken at the Trappe, which is in the county of Montgomery, and this is intimated by the court in their charge to the jury.

Judgment affirmed.